UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

FLOYD HEUGHAN, )
)
    Plaintiff )
) No. 3:13-0259
v. ) Judge Trauger/Bryant
) **Jury Demand**
WYETH LLC, *et al.*, )
)
    Defendants )

**TO: THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION

Pending in this case is Defendants' Rule 41(b) Joint Motion to Dismiss for Plaintiff's failure to prosecute and to comply with orders of the Court (Docket Entry 109). Plaintiff Heughan, who is proceeding *pro se*, has not responded in opposition.

For the reasons stated below, the undersigned Magistrate Judge recommends that this case be DISMISSED with prejudice.

### SUMMARY OF PERTINENT PROCEDURAL HISTORY

This civil action alleging pharmaceutical product liability was transferred to this district from the United States District Court for the Eastern District of Missouri on March 21, 2013. Following transfer, Plaintiff's counsel moved for leave to withdraw, which motion was granted by the Court on March 29, 2013 (Docket Entry No. 67). Since then, Plaintiff Heughan has been unrepresented and has been deemed to be proceeding *pro se*.

The undersigned Magistrate Judge set this case for a status conference on June 19, 2013 (Docket Entry No. 95). Although Defendants appeared through counsel, no one appeared at this conference on behalf of Plaintiff Heughan. The undersigned then

ordered Plaintiff to show cause on or before July 8, 2013, why this case should not be dismissed for Plaintiff's failure to prosecute (Docket Entry No. 100). This order forewarned Plaintiff that his failure to respond may cause the undersigned to recommend that his complaint be dismissed. Despite this admonition, Plaintiff failed to respond to this show cause order.

Thereafter, on August 15, 2013, Defendants jointly filed their motion to dismiss for lack of prosecution and failure to comply with court orders (Docket Entry 109). Plaintiff Heughan also has failed to respond in opposition to this motion, and the time within which he was obligated to do so has long since expired.

From the foregoing, the undersigned Magistrate Judge finds that Plaintiff Heughan apparently has abandoned his case since his lawyers were allowed to withdraw and that he has failed to prosecute or otherwise participate in this action. Accordingly, the undersigned finds that Defendants' motion to dismiss should be granted and that this complaint should be dismissed pursuant to Rule 41(b) for Plaintiff's failure to prosecute the action.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge recommends that the complaint be DISMISSED with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for Plaintiff's failure to prosecute.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this

Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTER this 6th day of November, 2013.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge